**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| COMPUTERSHARE TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF BBCMS MORTGAGE TRUST 2023-5C23, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2023-5C23, | : | |
| | : | 2:25-cv-06229 |
| *Plaintiff*, | : | |
| v. | : | |
| 919 LOMBARD STREET CC LCC, | : | |
| *Defendant*. | : | |

**MEMORANDUM**

Plaintiff, Computershare Trust Company, National Association, in its capacity trustee for certain mortgage note holders (Plaintiff/Lender) has moved pursuant to Federal Rule of Civil Procedure 56 against Defendant, 919 Lombard Street CC LLC (Defendant/Borrower), seeking foreclosure of a commercial mortgage.

"Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kapotas v. CTP Funding, LLC*, No. 2:24-CV-01995, 2025 WL 2250003, at *2 (E.D. Pa. Aug. 6, 2025) (Weilheimer, J.) (citation modified). "By its very terms, this standard provides that the mere existence of some

alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Computershare Tr. Co., Nat'l Ass'n as Tr. for the Benefit of Registered Holders of BMO 2022-C3 Mortg. Tr., Com. Mortg. Pass-Through Certificates, Series 2022-C3 v. 2015 Walnut St. Owner LLC*, No. 25CV2961, 2026 WL 1458329, at *1 (E.D. Pa. May 21, 2026) (Beetlestone, C.J.). A disputed fact is "material" if, under the applicable substantive law, it is essential to the proper disposition of the claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*

Under Rule 56, the movant "bears the burden of demonstrating the absence of any genuine issues of material fact. When determining whether there is a triable dispute of material fact, the court draws all inferences in favor of the non-moving party." *Doeblers' Pennsylvania Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820-821 (3d Cir. 2006) (citation modified).

The movant's initial burden does not relieve complainant's obligation of producing evidence that would support a jury verdict. *Anderson*, 477 U.S. at 256. Because a motion for summary judgment looks beyond the pleadings, the opposing party must advance specific facts showing that there is a genuine factual dispute. *See Marshall v. Sisters of Holy Family of Nazareth*, 399 F.Supp.2d 597, 598 (E.D. Pa. 2005). The non-movant may not rest on their pleadings but must point to probative evidence tending to support the complaint. *Anderson*, 477 U.S. at 256. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be

insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. If the "evidence presented by the non-movant is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-250.

Here, the Borrower never filed a response to Plaintiff's Motion.[1]

> Although the Court may treat the Motion as uncontested pursuant to the local rules of civil procedure, *see* Local Rule 7.1(c) ("In the absence of a timely response, the motion may be granted as uncontested ..."), in the case of a motion for summary judgment, the Court may not grant an uncontested summary judgment motion without an independent determination that the movant is entitled to judgment under Fed. R. Civ. P. 56. Still, by failing to respond ... the nonmoving party waives the right to respond to or to controvert the facts asserted in the summary judgment motion. Thus, where a party fails to respond, the Court may consider the facts stated in the motion for summary judgment undisputed for purposes of the motion.

*Walnut St. Owner LLC*, 2026 WL 1458329, at *1 (citation modified). Against this backdrop, the Lender's material facts on which its Motion is based are set forth in the Declaration of Tiffany Kobrin, the asset manager responsible for the administration and servicing of the Loan on behalf of the Lender. *See* Fed. R. Civ. P. 56(c)(1)(A).

The relevant facts are as follows. The Borrower owns the improved real property located at 919-921 Lombard Street in the City of Philadelphia, comprising a four-story structure with six multifamily units. LMF Commercial, LLC (Original Lender) issued a commercial mortgage loan to the Borrower in the principal amount of $2,000,000 (Loan). The Loan is evidenced by a Promissory Note and Loan Agreement, both dated October 31, 2023.

---

[1] The Borrower's deadline to respond to Plaintiff's Motion for Summary Judgment was August 3, 2026.

To secure repayment on the Note, Borrower executed an Open-End Mortgage, Assignment of Leases and Rents, Fixture Filing, and Security Agreement dated October 12, 2023, but effective October 30, 2023 (Mortgage). The Mortgage encumbers the real property at issue. Ultimately the Loan was securitized and assigned to the above-named Lender, Computershare. By virtue of this assignment, the Lender is the owner and holder of the Note, the Mortgage, and the other Loan documents and has been in Physical possession of the original Note, either directly or through its agents or attorneys, before and at all times since the commencement of this action on November 3, 2023.

The Loan agreement requires that Borrower make a payment to Lender in the Monthly Debt Service Amount on the sixth day of each calendar month. The Loan Agreement provides that non-payment shall constitute an event of default. The Mortgage Provides that upon an event of default, the Lender may, among other things, declare the entire unpaid debt to be immediately due and payable and to institute judicial proceedings for the complete foreclosure of the secured property.

Since December 2024, the Borrower has failed to pay the Monthly Debt Service Payment Amounts. The Lender issued multiple Notices of Default, but the Borrower failed to cure. On May 22, 2025, the Lender issue a Notice of Acceleration to Borrower declaring the debt immediately payable. To date, the Borrower has failed to pay the Debt in full or otherwise cure the ongoing Event of Default.

Computershare filed this mortgage foreclosure action against Borrower in November 2025 alleging that the Borrower defaulted on the commercial mortgage by failing to pay the amounts due under the Loan.

> Under Pennsylvania law the holder of a mortgage has the right, upon default, to bring a foreclosure action. At the summary judgment stage, a court may grant summary judgment to a mortgagee-plaintiff in a foreclosure action if there is no issue of material fact as to whether (1) the mortgage is in default; (2) defendant has failed to pay interest on the mortgage; and (3) the recorded mortgage is in the amount specified by plaintiff mortgagee.

*2015 Walnut St. Owner LLC*, 2026 WL 1458329, at *3 (citation modified).

Here, the declaration of Tiffany Kobrin, the asset manager responsible for the administration and servicing of the Loan on behalf of the Lender, establishes that the Borrower defaulted on its payment obligations in December of 2024, the Borrower has failed to make any payments including interest on the mortgage since that time, and the recorded mortgage is in the amount of $2,000,000. As such, summary judgment is warranted and foreclosure is proper. *See id.*

Separately, as part of its motion for summary judgment, Computer avers that it is contractually entitled to recover its attorneys' fees. Based upon the affidavit of Raymon A. Quaglia, partner with the law firm of Ballard Spahr LLP, the legal costs incurred for this foreclosure litigation totals $68,619.00. Based on the review of the hours worked, rates charged, and counsel's affidavit, this Court finds that figure reasonable—particularly in light of the overall damages alleged $2,813,673.56. Accordingly, an award of attorneys' fees is proper.

An appropriate order will follow.

BY THE COURT:



GAIL WEILHEIMER J.